E-FILED on    7/16/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN CARLOS VALADEZ-LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF; ALBERTO GONZALES; NANCY ALCANTAR; LOU BLANAS,<br><br>Respondent | No. C-05-04192 RMW<br><br>ORDER GRANTING IN PART PETITIONER'S AMENDED MOTION FOR ATTORNEY'S FEES<br><br>[Re Docket No. 19, 20, 23] |

Petitioner Juan Carlos Valadez-Lopez seeks $74,307.00 in attorney's fees under the Equal Access to Justice Act ("EAJA") for a habeas corpus action in which the petitioner challenged the length of his detention and sought an order from the court guaranteeing access to his medication and transportation to his scheduled state court hearings. Petitioner's motion for attorney's fees was heard on March 31, 2006. For the reasons set forth below, the court grants petitioner's motion in part.

## I. BACKGROUND

Petitioner Juan Carlos Valadez-Lopez is a thirty-year-old Mexican native and citizen who entered the United States without inspection on April 1994. Opp'n, Docket # 20, at 1. On the night of November 15, 2002, petitioner attempted to enter a home in Winters, California by jiggling the door handle. Plaintiff's Amended Motion for Attorney's Fees ("Am. Mot."), Docket # 19, at 3. He

1  was arrested by local police later that night and consequently charged with prowling, first-degree
2  burglary, and false representations to a police officer. Am. Mot. at 3.  On December 12, 2002, the
3  Yolo County Superior Court released petitioner on his own recognizance.  However, when it was
4  later discovered that a Border Patrol hold had been placed on petitioner because he had no lawful
5  immigration status, he was again detained and remained in custody for the next six months.  Am.
6  Mot. at 3.

7       In June 2003, petitioner was declared incompetent to stand trial by the Yolo County Superior
8  Court, which ordered that he be sent to Napa State Hospital.  Am. Mot. at 3.  There he was
9  diagnosed as suffering from schizophrenia and prescribed a combination of medications to treat his
10 mental illness.  Am. Mot. at 3.  He remained at Napa State Hospital until August 19, 2004, when his
11 mental competency was certified.  Am. Mot. at 3.

12      In August 2004, petitioner was found competent to stand trial by the Yolo County Superior
13 Court and Richard Van Zandt was assigned as Valadez-Lopez's public defender.  Am. Mot. at 3.  A
14 trial date was then set for October 26, 2004.  Am. Mot. at 3.  In preparing for petitioner's trial, Van
15 Zandt misidentified his client and mistakenly obtained another individual's RAP sheet, which
16 showed multiple prior convictions including two felonies.  In reality, however, Valadez-Lopez had
17 no prior convictions. Am. Mot. at 3.  Incorrectly believing petitioner had prior convictions, Van
18 Zandt advised his client to plead "no contest" to the burglary and related charges.  Am. Mot. at 3.

19      On October 18, 2004, upon the advice of counsel, petitioner entered a plea of no contest to
20 attempted first-degree burglary.  *Id.*  He was subsequently convicted and sentenced to three years
21 probation and 365 days in jail as a condition of his probation; he received 891 days credit for time
22 served.  Am. Mot. at 4.  A final judgment was not entered against petitioner pending the successful
23 completion of his probation.

24      On November 19, 2004, petitioner received a Notice to Appear ("NTA"), which alleged that
25 he was removable as an alien present in the United States without being admitted or paroled.  Am.
26 Mot. at 4.  Accordingly, he was detained by Immigration and Customs Enforcement ("ICE")
27 pursuant to 8 U.S.C. § 1226(c), which mandates the detention of criminal aliens during the pendency
28 of their removal proceedings, and placed in detention at the Sacramento County Jail (where ICE

ORDER GRANTING IN PART PETITIONER'S AMENDED MOTION FOR ATTORNEY'S FEES
2

1  leases space for purposes of housing immigration detainees) without the right to bail. *Id.* at 4. The
2  NTA was later amended to include an allegation that petitioner had committed a crime involving
3  moral turpitude. *Id.* at 4.

4  On December 30, 2004, public defender Donald Lown submitted a motion to withdraw
5  Valadez-Lopez's guilty plea pursuant to California Penal Code § 1018. Am. Mot. at 4. The Yolo
6  County Superior Court set a trial date of January 15, 2005 and appointed attorney David Reed to
7  represent petitioner. *Id.* at 4.

8  Because he was being detained in Sacramento County, to attend the hearings for the
9  withdrawal of his no contest plea, Valadez-Lopez had to be transported from Sacramento County to
10 neighboring Yolo County. Having already served the entire sentence for his criminal conviction,
11 state authorities lacked sufficient legal justification to detain him themselves. Therefore, after
12 attending each hearing in Yolo County Superior Court, Valadez-Lopez was transferred back to the
13 Sacramento County Jail and placed into ICE custody.

14 Petitioner alleges that, in the months that followed, he was continually deprived of his
15 medication. As a result, he alleges that he was not "mentally present" at multiple hearings
16 pertaining to his criminal conviction. *See generally* Am. Mot. at 8-12. On at least one occasion, his
17 condition was such that petitioner's attorney Reed asked for and was granted a continuance. *Id.* at
18 11. Petitioner furthermore alleges that ICE prevented him from attending at least five scheduled
19 hearings by failing to transport him to Yolo County Superior Court. Petitioner claims that while he
20 was initially able to attend some of the scheduled hearings, ICE ultimately refused to continue to
21 transport him without a habeas corpus petition pending. Am. Mot. at 14.

22 On October 17, 2005 petitioner filed with this court his Petition for a Writ of Habeas Corpus
23 and Complaint for Declaratory and Injunctive Relief in which he challenged the length of his
24 detention and sought an order from the court guaranteeing access to his medication and
25 transportation to his scheduled state court hearings. On November 17, 2005, the parties stipulated to
26 an order in which this court granted a portion of the relief sought by petitioner. *See* Stip. & Interim
27 Order Re: Mot. for TRO, Docket # 12. As a result, respondents were temporarily restrained from
28

ORDER GRANTING IN PART PETITIONER'S AMENDED MOTION FOR ATTORNEY'S FEES
3

"failing to properly medicate petitioner" and from "failing to permit his transportation to Yolo County Superior Court so that he [could] pursue his motion to pursue his plea of no contest." *Id.*

On November 22, 2005, petitioner also filed a motion in Immigration Court, again challenging the lawfulness of his detention by ICE. On November 28, 2005, the Immigration Court issued an order in which it declared that petitioner was not subject to mandatory detention during the pendency of his motion in state court, as the underlying criminal conviction was not yet final. Olsen Decl., Ex. A, Docket # 21. Accordingly, the Immigration Court ordered that petitioner be released from ICE custody upon posting a $1500 bond, the minimum required by statute. *Id*.

In light of the Immigration Court's ruling, the parties jointly filed a motion to dismiss petitioner's habeas petition as moot on December 1, 2005. Stip. Dismissal, Docket # 13. Pursuant to the stipulation, this court dismissed the petition on December 6, 2005. Stip. & Order Dismissing Case, Docket # 14. Petitioner now moves to recover attorney's fees under EAJA.

## II.  ANALYSIS

The EAJA is an exception to the "American Rule" under which each party bears his own litigation costs. *Carbonell v. I.N.S.*, 429 F.3d 894, 897-98 (9th Cir. 2005). The Ninth Circuit has set forth three requirements that must be met in order for a litigant to be entitled to collect attorney's fees under the EAJA. *See Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). First, the litigant must be a prevailing party. *Id*. Second, the government must fail to show that its position was substantially justified or that special circumstances make an award unjust. *Id*. Third, the requested fees must be reasonable. *Id*.

### A.     **Prevailing Party**

In *Buckhannon Board Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), the Supreme Court articulated two requirements that must be satisfied in order for a litigant to be considered a "prevailing party." First, the litigant must achieve a "material alteration of the legal relationship of the parties." *Id.* at 604. Second, that alteration must be "judicially sanctioned." *Id.* While the plaintiffs in *Buckhannon* sought to collect attorney's fees under the Fair Housing Amendments Act and the Americans with Disabilities Act, the Ninth

1  Circuit has subsequently adopted *Buckhannon*'s "prevailing parties" test for EAJA cases as well.  *See*
2  *Perez-Arellano*, 279 F.3d at 794; *Carbonell*, 429 F.3d at 898.

3       In *Buckhannon* the Supreme Court asserted that a plaintiff could "prevail" by obtaining a
4  final judgment on the merits or a court-ordered consent decree.  *Buckhannon*, 532 U.S. at 604.  The
5  Ninth Circuit has held that a district court order incorporating the parties' voluntary stipulation to a
6  stay of an alien's deportation materially altered the relationship between the parties and was
7  judicially sanctioned, making the petitioner "prevailing" for EAJA purposes.  *See Carbonell*, 429
8  F.3d at 899.  Thus, the petitioner may be considered a "prevailing" party based upon the stipulated
9  order issued by this court.

10       Respondents nevertheless assert that Valadez-Lopez cannot be considered a prevailing party
11  for EAJA purposes because he did not obtain release from ICE custody as a result of the stipulated
12  order.  *See* Opp'n at 4-6.  As respondents point out, that order simply granted him access to his
13  medications and guaranteed him transportation to his state court hearings.  *Id.*  Respondents
14  concede, however, that "a party need not prevail on all issues," Opp'n at 2 (citing *City of Carmel-by-*
15  *the-Sea v. D.O.T.*, 123 F.3d 1142, 1167 (9th Cir. 1997)), and a litigant who "succeeds on any
16  significant issue in litigation which achieves some benefit [it] sought in bringing suit" can be
17  considered a "prevailing party."  Opp'n at 3 (quoting *United States v. 22249 Dolorosa St.*, 190 F.3d
18  977 (9th Cir. 1999)).  Indeed, a plaintiff prevails if he "has succeeded on any significant issue in
19  litigation which achieved some of the benefit [he] sought in bringing suit."  *Tex. State Teachers*
20  *Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791-92 (1989).

21       Accordingly, the court does not find respondents' argument persuasive.  The court notes the
22  parallels between *Carbonell* and the present case.  These parallels support the conclusion that
23  Valadez-Lopez meets this circuit's requirements to be considered a "prevailing party" for purposes
24  of the EAJA.  In *Carbonell*, the petitioner was an alien who had been detained and was in the midst
25  of removal proceedings when he filed a petition for a writ of habeas corpus, challenging the legality
26  of his detention.  *Id*. at 896-97.  At the same time, he also sought a temporary stay of his deportation.
27  *Id*.  Because the parties voluntarily stipulated to a temporary restraining order issued by the district
28  court staying his deportation, the Ninth Circuit concluded that the petitioner was a "prevailing

party." *Id.* at 901-02.  Here, as in *Carbonell*, Valadez-Lopez's petition for a writ of habeas corpus sought both a release from detention and injunctive relief.  *See, e.g., id.* at 896-897.  Furthermore, as in *Carbonell*, petitioner obtained the injunctive relief he sought through a voluntary stipulation by the parties.  Inasmuch as Valadez-Lopez succeeded in obtaining the relief in equity that he sought, he, like the petitioner in *Carbonell* is a "prevailing party" and is entitled to attorney's fees from the federal respondents.

### B.     Substantially Justified

Once the petitioner demonstrates prevailing party status, the government bears the burden of proving that its positions were "substantially justified."  *See Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).  Whether a position is substantially justified depends on whether it has a "reasonable basis in both law and fact."  *Abela v. Gustafson*, 888 F.2d 1258, 1264 (9th Cir. 1989) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  "Substantial justification in this context means justification to a degree that could satisfy a reasonable person."  *Thangaraja*, 428 F.3d at 874 (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)).

Here, the parties agreed to a stipulated order before the court had addressed any of the substantive issues set forth in the habeas petition or application for the temporary restraining order.  Petitioner argues that the respondent's positions were not substantially justified because they (1) failed to provide medication for his mental illness during his detention and (2) denied him transportation to court proceedings to challenge the basis for his detention.  With regard to the medication issue, respondent argues that petitioner did not claim that he did not have access to his medications at the time of filing his habeas petition and thereafter.  With regard to the transportation issue, respondent argues that petitioner did not cite case law to support that ICE owed a legal duty to transport him to his state court hearings in Yolo County.  Respondent further argues that ICE informed Yolo County that it would allow Yolo County to take custody over petitioner until the completion of the state proceeding.

In determining whether the government's position is substantially justified, a court must consider the totality of circumstances both prior to and during litigation.  *In re Application of Mgndichian*, 312 F. Supp. 2d 1250, 1260 (C.D. Cal. 2003) (citing *Abela*, 888 F.2d at 1264).  In

ORDER GRANTING IN PART PETITIONER'S AMENDED MOTION FOR ATTORNEY'S FEES
6

*Abela*, the Ninth Circuit held that the unexplained failure to act on naturalization petitions is a circumstance the court must consider in ruling on a motion to award attorney's fees. 888 F.2d at 1266. The reason is that the unexplained failure to act on naturalization petitions was a circumstance that precipitated litigation. *Id*. Under *Abela*, then, this court considers respondent's denial of medication to petitioner, even though the alleged deprivation occurred before petitioner filed the petition for habeas corpus because that deprivation led in part to the litigation. *Id*. Because respondent does not dispute that petitioner was denied medication for his mental illness before filing his petition for habeas corpus and only argues that he had access to medication after the filing, this court finds that the government's position regarding the denial of petitioner's medication was not substantially justified.

With regard to the transportation issue, respondent argues that after transporting petitioner to Yolo County Superior Court several times, ICE informed Yolo County that they were willing to relinquish control over petitioner and allow Yolo County to take custody over him until the completion of the state court proceeding. Respondent argues that the willingness to relinquish control over petitioner is sufficient to fulfill ICE's obligation to provide access to petitioner's court proceedings. Respondent cites no case law showing that offering to relinquish custody over an individual is sufficient to fulfill the obligation to provide petitioner with a means to appear at his hearing. Respondent's relinquishment option and argument that transporting petitioner in and out of Sacramento County Jail is an administrative burden is insufficient to carry the government's burden of proving that their position was substantially justified.

Accordingly, because the government has failed to provide adequate explanations for the failure to provide medication to petitioner during his detention and the denial of transportation for petitioner to his hearing, the government's position is not substantially justified.

**C.     Reasonable Attorney's Fees**

Petitioner seeks compensation of $350 per hour for 114.5 hours of work by his primary attorney, James F. Smith. He also seeks $158 per hour for 54 total hours of work by attorneys Christopher Todd and Carter White and $100 per hour for 257.3 total hours of work by four law

ORDER GRANTING IN PART PETITIONER'S AMENDED MOTION FOR ATTORNEY'S FEES
7

students working under the attorneys' direction. The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

The maximum rate for attorney's fees under the EAJA is $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Petitioner asks that each of the three attorneys who have worked on this case receive an hourly rate which exceeds the statutory cap, citing their expertise in immigration law. The courts in the Ninth Circuit do not typically award enhanced hourly rates in immigration cases pursuant to the statutory exception for limited availability of qualified attorneys where the litigation in question required no "distinctive knowledge" or "specialized skill." *Thangaraja* , 428 F.3d at 876 (citing *Rueda-Menicucci v. INS*, 132 F.3d 493, 496 (9th Cir. 1997)). This case did not require distinctive knowledge or specialized skill, thus, special factors do not justify deviating from the statutory cap in this case. The court will thus apply the statutory cap of $125 per hour for each of petitioner's attorneys. As for the hourly rate charged for the law students, who were not themselves compensated, the court finds that $50 per hour is an amount that is reasonable under the circumstances.

As to the number of hours for which petitioner's counsel will be compensated, this court takes into account that petitioner was only successful in obtaining part of the relief that he originally sought from this court. Petitioner sought release from custody and by way of an application for a TRO, sought to enjoin respondents from failing to medicate him during his detention and from failing to transport him to his state court hearings. As set forth above, petitioner received the injunctive relief sought in the form of a stipulated order as a result of his actions in this case; he was later released from custody as a result of a separate determination by an immigration judge. The number of hours for which petitioner can be awarded attorney's fees should therefore be reduced accordingly.

This court finds in light of the limited relief that petitioner obtained in this action and what appears to be an excessive number of hours (perhaps resulting from the use of three attorneys and four law students), that petitioner should be entitled to recover fees for 40% of the hours claimed.

For his attorneys, petitioner is therefore entitled to collect for 67.4 hours[1] at a rate of $125 per hour, or $8,425. For the law students, petitioner is entitled to fees for 154.4 hours at $50 per hour, or $7,720. The amount to which petitioner is entitled is therefore $16,145.

### III. ORDER

For the foregoing reasons, the court grants in part petitioner's motion for attorney's fees. The court awards petitioner $16,145.

DATED:   7/16/07

RONALD M. WHYTE
United States District Judge

---

[1] (114.5 + 24.2 + 29.8) x 40% = 67.4

Notice of this document has been electronically sent to:

**Counsel for Petitioner:**

James Frank Smith  jfsmith7@earthlink.net
Carter White  ccwhite@ucdavis.edu

**Counsel for Respondents:**

Edward A. Olsen  edward.olsen@usdoj.gov
James Randall Wood  woodj@saccounty.net

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     7/16/07                              /s/ MAG
                                         **Chambers of Judge Whyte**

ORDER GRANTING IN PART PETITIONER'S AMENDED MOTION FOR ATTORNEY'S FEES
10